**Erna E. CLONCH, Appellant,**

v.

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellee.**

No. 12759.

United States Court of Appeals
Fourth Circuit.

May 2, 1969.

J. Fred Queen, Elkins, W. Va., for appellant.

C. Donald Robertson, Atty. Gen., of W. Va., Charleston, W. Va., for appellee.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

In his petition in the district court, Clonch alleged that at the time he entered his guilty plea to rape and received a life sentence he was only 15 years old and was without counsel. In the state courts, however, Clonch had alleged further that he had only limited education and was unaware that he was pleading guilty to a capital offense for which he might receive a life sentence. In his appeal to this court from the denial of relief below, he asserts,

"that the Petitioner was mentally in competent (sic) of making a plea."

Though his allegations in earlier proceedings were perhaps incomplete and inartfully framed, we note in the record what purports to be a copy of a contemporaneous newspaper account quoting the sentencing judge in part as follows:

"This is a pitiful case, I've had this boy examined by two competent physicians and there is no question that he is mentally defective. Their reports to me show that his defectiveness leans toward sexual tendencies with homicidal propensities.

"Under ordinary circumstances an asylum would be the proper place for this boy. Under the laws of our state, however, we have no method of taking care of such cases. The doctors tell me that he should be confined."

The petitioner clearly raises here the question of his mental competence at the time of his plea. The newspaper account strongly suggests that the evidence raised a bona fide doubt as to the defendant's competence to stand trial. In such a situation due process requires an adequate hearing and determination of the issue. Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815. On remand the district court will (1) determine whether the

contention of incompetence to plead has ever been presented to a state court, (2) if it has not, suspend proceedings, retaining jurisdiction to permit relief to be sought in a state court and, (3) if it has, permit petitioner to amend his petition to allege incompetence to stand trial and, thereafter, grant an evidentiary hearing in the district court to determine if the state trial judge was under a duty sua sponte to determine the competency issue. If there was such a duty, the proper remedy would appear to be the granting of a new trial. Pate v. Robinson, 383 U.S. 375, 387, 86 S.Ct. 836, 15 L.Ed.2d 815.

Accordingly, the certificate of probable cause is granted, the order of the district court is vacated, and the cause is remanded to the district court for further proceeding in accordance with this opinion.